Louis S. Ederer
Laura W. Tejeda
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*
*MC Packaging Corporation*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

MC PACKAGING CORPORATION,

            Plaintiff,

    - against -

MC PACKAGING SOLUTIONS,

            Defendant.

------------------------------------------------------------ x

FILED
CLERK

2014 NOV -5 PM 2:37

U.S. DISTRICT COURT

BIANCO, J.

LOCKE, M.J.

CV 14 - 6528

Civil Action No. _____

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff MC Packaging Corporation ("Plaintiff" or "MC Packaging"), by and through its undersigned counsel, complains of Defendant MC Packaging Solutions ("Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1.    Plaintiff seeks injunctive relief and damages for acts of service mark infringement, false designation of origin, and unfair competition engaged in by Defendant in violation of the laws of the United States and the State of New York.

2.    In particular, this case concerns Defendant's adoption of a trade name and service mark — MC Packaging Solutions — that is confusingly similar to Plaintiff's federally-registered MC PACKAGING service mark. Since 1966, Plaintiff, a Long Island-based, family-owned and

69075706v1

operated business, has continuously and prominently used its MC PACKAGING service mark in connection with the sale of commercial folding cartons and other packaging materials. Decades after Plaintiff first used its MC PACKAGING service mark, and long after consumers have come to associate Plaintiff's MC PACKAGING service mark with Plaintiff's services and products, Defendant began operating a competing business engaged in the sale of folding cartons and other packaging materials under near identical name, "MC Packaging Solutions". This conduct was undertaken without Plaintiff's consent, and, upon information and belief, has caused and is likely to continue to cause confusion, mistake, and deception among the general consuming public and the trade as to a possible affiliation, connection, or association between the services offered by MC Packaging and MC Packaging Solutions.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiff's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 101 *et seq.*, and substantial and related claims under the common law of the State of New York.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a), because Defendant is either subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

5. Plaintiff MC Packaging is a corporation duly organized and existing under the laws of the State of New York, and maintains its principal place of business at 425 Broadhollow Road, Melville, New York, 11747.

6.     Upon information and belief, Defendant MC Packaging Solutions is a corporation organized and existing under the laws of the State of California, having its principal place of business at 15406 Mallory Court, Moorpark, California, 93021.

## MC PACKAGING'S BUSINESS

7.     Plaintiff MC Packaging manufactures, promotes, sells, and distributes commercial folding carton and other packaging materials to customers throughout the United States, including in this judicial district, under the MC PACKAGING brand name. MC Packaging manufactures, promotes, sells, and distributes a variety of commercial cartons and packaging materials to some of the largest Fortune 500 consumer product manufacturers in the world.

8.     MC Packaging has been providing such products and services under the MC PACKAGING brand name for nearly fifty years. The MC PACKAGING service mark is the subject of U.S. Trademark Registration No. 4,295,813, registered on the Principal Register on February 26, 2013, for manufacturing services for others in the field of packaging. MC Packaging's trademark registration for its MC PACKAGING service mark is in full force and effect. A copy of the registration certificate for the MC PACKAGING service mark is attached hereto as Exhibit A.

9.     MC Packaging maintains a company website, for use by its customers and prospective customers, at www.mcpackaging.com. As depicted below, a banner that appears on every page of the website features an image of a rotated box with the letter "M" on the left side of the box and the letter "C" on the right side of the box. The website also contains textual material promoting MC Packaging's business success, as follows:

69075706v1



| HOME |

Great Service. It's Part of the Package ™

**ABOUT M C PACKAGING**

Based in New York, M C Packaging Corporation is a family-owned business that has been servicing the folding carton needs of some of the largest Fortune 500 consumer product manufacturers in the world. Founded by Robert Silverberg, M C Packaging has grown steadily to meet the needs of both large and small businesses. Our growth is the result of our staff's dedication and expertise in understanding our clients visions, needs and expectations. The belief in the constant re-investment in our manufacturing operations, coupled with a drive for continuous improvement, is the reason M C Packaging offers quality products at competitive pricing with exceptional service to our customers. We pride ourselves on our proven track record of providing clients with solutions for their folding carton needs by offering top quality service, innovation, competitive pricing, strong expertise in supply chain management, and improved level of service through automation and a streamlined transaction time. We have formed strong long-term partnerships with our customers, and are their supplier of choice in our niche.

   Great Service. It's Part of the Package ™   

© 2012 MC Packaging Corporation. All rights reserved.
About | Facilities | Capabilities | Products | Quality & Certifications | Environmental Stewardship | Contact

## DEFENDANT'S INFRINGING CONDUCT

10. Defendant is currently, and at all times relevant hereto has been engaged in the business of promoting, selling, and distributing commercial packaging and point of purchase displays under the name "MC Packaging Solutions". Defendant produces and promotes its products and services to customers throughout the United States, including customers and prospective customers in this judicial district.

11. Defendant maintains a company website, which promotes its business, at www.mcpackagingsolutions.com. As depicted below, the website contains images of rotated boxes, along with textual material promoting MC Packaging Solution's services.

69075706v1



12.     Upon information and belief, Defendant's use of the service mark "MC Packaging Solutions" has caused confusion among Plaintiff's customers and members of the trade. In one such instance, a customer of Plaintiff mistakenly issued checks to Defendant that were intended for Plaintiff, and Defendant, knowing full well that it was not entitled to receive such funds, nevertheless deposited such checks, and did not inform the customer that they had been mistakenly issued.

13.     Upon information and belief, Defendant intends to continue to market, promote, distribute, sell and/or offer to sell its products and services under the "MC Packaging Solutions" trade name and service mark.

14.     Upon information and belief, Defendant's use of the "MC Packaging Solutions" service mark, and the manner in which it promotes its business and presents itself to customers

69075706v1

and prospective customers, is and has been part of a deliberate effort to present itself as if it were Plaintiff, or that it is somehow affiliated with Plaintiff.

15. Unless Defendant's conduct is enjoined, such conduct will severely inhibit and/or destroy Plaintiff's ability to identify its services under its federally-registered MC PACKAGING service mark.

## FIRST CLAIM FOR RELIEF
## SERVICE MARK INFRINGEMENT (15 U.S.C. § 1114)

16. The allegations set forth in paragraphs 1 through 15 hereof are adopted and incorporated by reference as if fully set forth herein.

17. By the acts alleged herein, Defendant is using a trade name that is confusingly similar to Plaintiff's MC PACKAGING service mark, and has infringed, and continues to infringe Plaintiff's service mark, in violation of 15 U.S.C. § 1114.

18. Upon information and belief, Defendant's use of the "MC Packaging Solutions" service mark to conduct and promote its services has caused, and is likely to continue to cause confusion, mistake, and deception among the trade as to the source of Defendant's services being offered under such mark, or as to a possible affiliation, connection or association between MC Packaging and MC Packaging Solutions.

19. Upon information and belief, by its actions, Defendant intends to continue its unlawful conduct, and to intentionally infringe Plaintiff's MC PACKAGING service mark, unless restrained by this Court.

20. Defendant's acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Plaintiff. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

21. The allegations set forth in paragraphs 1 through 20 hereof are adopted and incorporated by reference as if fully set forth herein.

22. Upon information and belief, Defendant's use of the "MC Packaging Solutions" trade name and other indicia associated with Plaintiff, has caused and is likely to continue to cause confusion, mistake and deception among the trade as to the source of Defendant's services offered under such mark, or as to a possible affiliation, connection or association between MC Packaging and MC Packaging Solutions.

23. Defendant's conduct as aforementioned constitutes a false designation of origin of the services provided under the infringing mark, and/or false and misleading descriptions and representations of fact, in violation of 15 U.S.C. § 1125(a).

24. Upon information and belief, by its actions, Defendant intends to continue to falsely designate the origin of its services and related products as aforesaid, unless restrained by this Court.

25. Defendant's acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Plaintiff. Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

26. The allegations set forth in paragraphs 1 through 25 hereof are adopted and incorporated by reference as if fully set forth herein.

27. The aforesaid conduct of Defendant constitutes trademark infringement under the common law of the State of New York.

28. Upon information and belief, by its actions, Defendant intends to continue its unlawful conduct, and to infringe Plaintiff's MC PACKAGING service mark, unless restrained by this Court.

29. Defendant's acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Plaintiff. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

30. The allegations set forth in paragraphs 1 through 29 hereof are adopted and incorporated by reference as if fully set forth herein.

31. The aforesaid conduct of Defendant constitutes unfair competition with MC Packaging under the common law of the State of New York.

32. Defendant's acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Plaintiff. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MC Packaging Corporation demands judgment against Defendant as follows:

1. Finding that, (i) as to Count 1, Defendant engaged in trademark infringement in violation of 15 U.S.C. § 1114; (ii) as to Count 2, Defendant engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); (iii) as to Count 3, Defendant engaged in trademark infringement in violation of the common law of the State of New York; and (iv) as to Count 4, Defendant engaged in unfair competition with Plaintiff in violation of the common law of the State of New York.

2. That Defendant and all of those acting in concert with it, including its agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

69075706v1

(a) marketing, promoting, distributing, selling or offering to sell any services or products under the "MC Packaging Solutions" trade name, or any trade name or service mark that is confusingly similar to Plaintiff's MC PACKAGING service mark, and from engaging in any other activity constituting an infringement of any of Plaintiff's rights in and to the MC PACKAGING service mark; and

(b) engaging in any activity constituting unfair competition with MC Packaging, or acts and practices that deceive the public and/or trade.

3. That Defendant be required to take such other measures as the Court may deem appropriate to prevent the public and/or the trade from deriving any erroneous impression that the services and/or products offered by Defendant are affiliated with, sponsored by, authorized by, related to or associated in any way with Plaintiff.

4. That Defendant be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after service of a judgment or order upon Defendant, a written report under oath setting forth in detail the manner in which Defendant has complied with the requirements set forth above in paragraphs 2 and 3 hereof.

5. That the Court award Plaintiff (i) Defendant's profits and Plaintiff's damages, attorneys' fees and costs, to the full extent provided for by 15 U.S.C. § 1117, with any such monetary award to be trebled; (ii) Defendant's profits, Plaintiff's actual damages and/or punitive damages as provided under the common law of the State of New York; and (iii) Plaintiff's attorneys' fees and litigation-related expenses incurred herein.

6. That Plaintiff be awarded pre-judgment and post-judgment interest on any monetary award against Defendant.

7.       That Plaintiff be awarded such additional and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues.

Dated: New York, New York  
November 5, 2014

ARNOLD & PORTER LLP

By: /s/ Louis S. Ederer  
Louis S. Ederer  
Laura W. Tejeda  
louis.ederer@aporter.com  
laura.tejeda@aporter.com

399 Park Avenue  
New York, New York 10022  
Phone (212) 715-1000  
Fax (212) 715-1399

*Attorneys for Plaintiff*  
*MC Packaging Corporation*

Exhibit A

# United States of America
### United States Patent and Trademark Office

# M C PACKAGING

| | |
|---|---|
| **Reg. No. 4,295,813** | M C PACKAGING CORPORATION (NEW YORK CORPORATION) |
| | 200 ADAMS BLVD. |
| **Registered Feb. 26, 2013** | FARMINGDALE, NY 11735 |
| **Int. Cl.: 40** | FOR: MANUFACTURING SERVICES FOR OTHERS IN THE FIELD OF PACKAGING, IN CLASS 40 (U.S. CLS. 100, 103 AND 106). |
| **SERVICE MARK** | FIRST USE 9-2-1966; IN COMMERCE 9-2-1966. |
| **PRINCIPAL REGISTER** | THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR. |
| | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PACKAGING", APART FROM THE MARK AS SHOWN. |
| | SER. NO. 85-737,958, FILED 9-25-2012. |
| | KRISTIN CARLSON, EXAMINING ATTORNEY |



Acting Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.
>
> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

*****ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE<br>EASTERN DISTRICT OF NEW YORK | Civil Action No. _____ |
| MC PACKAGING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MC PACKAGING SOLUTIONS,<br><br>Defendant. | |
| **COMPLAINT** | |
| **ARNOLD & PORTER LLP**<br>*Attorneys for Plaintiff*<br>*MC Packaging Corporation*<br>*399 Park Avenue*<br>*New York, NY 10022*<br>*(212) 715-1000* | |